# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RALPH KELLY GALLINEAUX,<br><br>Defendant. | CR-19-34-GF-BMM<br><br>**ORDER** |

Defendant Ralph Kelly Gallineaux has moved for early termination of his current term of supervised release. (Doc. 35.) The Court conducted a hearing on Gallineaux's motion on May 28, 2024. (Doc. 38.) The Government opposes the motion. (Doc. 35 at 1.) The Court advised Gallineaux that the Court would grant Gallineaux's motion on September 28, 2024, if Gallineaux remained violation free. The Court now grants Gallineaux's motion.

Gallineaux pleaded guilty to strangulation in violation of 18 U.S.C. §§ 1153(a), 113(a)(8) and assault resulting in substantial bodily injury to a dating partner in violation of 18 U.S.C. §§ 1153(a), 113(a)(7). (Doc. 22 at 2; Doc. 24.) The Court sentenced Gallineaux to the custody of the Bureau of Prisons on October 2, 2019, for a term of 51 months with 3 years of supervised release to follow. (Doc.

1

31.) Gallineaux began his term of supervised release on November 26, 2022. (Doc. 36 at 2.)

Federal law authorizes a defendant to move for termination of their supervised release after successfully completing one year if the Court is satisfied that such action remains "warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e). The Court must consider the factors in 18 U.S.C. § 3553(a) when evaluating whether to terminate a term of supervised release.

The Court finds that the factors in 18 U.S.C. § 3553(a) support an early termination of Gallineaux's supervised release. Adequate punishment has been imposed that reflects the seriousness of Gallineaux's offense. Gallineaux served 51 months in prison. Gallineaux has completed approximately one year and six months (50%) of his supervised release term. Gallineaux is scheduled to discharge from supervised release on November 25, 2025. (Doc. 36 at 2.)

Adequate deterrence also appears to have been achieved. Gallineaux has had no reported violations. Gallineaux's probation officer has reported that Gallineaux has done great on supervision. (*Id.*) Gallineaux's probation officer opined that supervision no longer appears necessary and that "Mr. Gallineaux will continue to be successful regardless of if he is on supervision or not." (*Id.* at 2–3.) Further supervision appears unnecessary to protect the public from further criminal behavior by Gallineaux.

Gallineaux's programming and correctional needs also appear to have been met. Gallineaux completed the RDAP program during his time in custody. Gallineaux also has completed mental health treatment and continues to attend counseling. (*Id.*) Gallineaux has maintained full time employment throughout his time on supervised release. (*Id.* at 2.) He has obtained his commercial driver's license. Gallineaux's probation officer described the successful change that he has observed in Gallineaux. (*Id.*) Gallineaux's probation officer opined that Gallineaux is a completely different person who has come far since his probation officer first met him. (*Id.*) The early termination of Gallineaux's supervised release comports with the § 3553(a) factors and proves "warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e).

Accordingly, **IT IS HEREBY ORDERED** that Gallineaux's Motion for Early Termination of Supervised Release (Doc. 35) is **GRANTED**.

DATED this 27th day of September, 2024.

_____
Brian Morris, Chief District Judge
United States District Court